1  UNITED STATES DISTRICT COURT
2  DISTRICT OF PUERTO RICO

3  JULIO CÉSAR DE LA ROSA,

4       Petitioner,

5       v.

6  UNITED STATES OF AMERICA,

7       Respondent.

Civil No. 09-1217 (JAF)

(Criminal No. 05-309)

8  **OPINION AND ORDER**

9       Petitioner brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing

10  by a federal court, alleging that the sentence was imposed in violation of his rights under federal

11  law. (Docket Nos. 1; 5.) The Government opposes (Docket No. 11), and Petitioner responds,

12  requesting an evidentiary hearing and the appointment of counsel (Docket No. 12).

13  **I.**

14  **Factual and Procedural History**

15       Petitioner was a crew member of the Sea Atlantic, a Bolivian commercial vessel that was

16  intercepted by the U.S. Coast Guard in August 2005 while smuggling over 1,800 kilograms of

17  cocaine. Coast Guard servicemen stopped the Sea Atlantic when their monitoring of radio and

18  radar signals revealed that the vessel had a suspicious rendezvous with a much smaller and

19  faster boat. Under the auspices of the Maritime Drug Law Enforcement Act ("MDLEA"), 46

20  U.S.C. app. § 1903 (current version at 46 U.S.C. §§ 70501–70507), Coast Guard officers

21  obtained permission from Bolivia to board the Sea Atlantic. After a search, sixty-eight bales

22  of cocaine were discovered in a secret compartment in Petitioner's sleeping quarters. Petitioner,

Civil No. 09-1217 (JAF)                                                                    -2-

1    along with the rest of the crew, was detained on the <u>Sea Atlantic</u> for nine days as it sailed to

2    Puerto Rico.

3         Petitioner was indicted on counts of conspiracy to possess five kilograms or more of

4    cocaine aboard a vessel subject to U.S. jurisdiction with the intent to distribute, 46 U.S.C. app.

5    § 1903(a)(c)(1)(C), (f), (j), and of aiding and abetting the conspiracy.  Trial commenced on

6    October 24, 2005.  Petitioner was convicted of count two, aiding and abetting, and was

7    sentenced to 121 months' imprisonment.  The First Circuit considered Petitioner's appeal and

8    affirmed our judgment on November 21, 2007, in a consolidated opinion, <u>United States v.</u>

9    <u>Rodríguez-Durán</u>, 507 F.3d 749 (1st Cir. 2007).  Petitioner claims he requested that his

10   appellate counsel, Jorge Gerena-Méndez, file a petition for certiorari within ninety days

11   following the First Circuit's entry of judgment. (Docket No. 5.) He further alleges that Gerena-

12   Méndez did not comply with this request.  (<u>Id.</u>)  It was not until November 2008, as Petitioner

13   alleges, that he first discovered Gerena-Méndez had not filed the petition for certiorari. (<u>Id.</u>)

14   Gerena-Méndez argues that he informed Petitioner via letter (Docket No. 18) of his right to

15   petition for certiorari and offered his services in preparing a petition, but insists that Petitioner

16   never responded to this letter.  (Docket No. 17.)

17        Petitioner filed this motion for relief from sentencing (Docket Nos. 1; 5), to which the

18   Government filed an opposition (Docket No. 11).  Petitioner responded and requested an

19   evidentiary hearing and appointment of counsel.  (Docket No. 12.)  Petitioner then moved to

20   amend his petition. (Docket No. 13.)  We accepted the proposed amendment and ordered

21   Gerena-Méndez to respond to Petitioner's allegations that Gerena-Méndez' representation had

22   violated the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A.  (Docket No. 16.)

Civil No. 09-1217 (JAF)                                                        -3-

## II.

## Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States."  Id.  The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . 'state conclusions instead of facts, contradict the record, or are inherently incredible.'"  Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993));  see 28 U.S.C. § 2255(b).  A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default.  See United States v. Frady, 456 U.S. 152, 167 (1982).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner challenges his sentence on the following grounds: (1) counsel's failure to file a petition for certiorari; (2) submission of evidence obtained in violation of the Fourth Amendment and a companion Sixth Amendment claim of ineffective assistance of counsel; (3) the Government's failure to obtain a magistrate's review of probable cause for arrest within

1    forty-eight hours of arrest; (4) counsel's failure to seek dismissal based on violation of the

2    speedy trial act; (5) failure to prove a nexus between the United States and drug smuggling by

3    Petitioner, resulting in a lack of jurisdiction; (6) error in our denial of pretrial motion for

4    continuance; (7) insufficient evidence presented at trial in violation of due process; and

5    (8) failure to issue a limiting instruction regarding a codefendant's confession and a companion

6    claim of ineffective assistance of counsel.

7    **A.    Failure to File Petition for Certiorari**

8          Petitioner claims that Gerena-Méndez' representation violated the CJA when he failed

9    to honor Petitioner's request to apply for writ of certiorari.[1]  Petitioner relies on <u>Wilkins v.</u>

10   <u>United States</u>, 441 U.S. 468 (1979), for the proposition that appellate counsel's failure to file

11   a petition for certiorari, in violation of the circuit court's rules implementing the CJA, is an error

12   remediable on motion under 28 U.S.C. § 2255 before a district court.

13         In <u>Wilkins</u>, an inmate sought certiorari after his court-appointed appellate counsel

14   refused the inmate's written request to file a petition for certiorari, in violation of the Third

15   Circuit's rules implementing the CJA.  441 U.S. 468.  In arguing the case, the Solicitor General

16   conceded that the CJA conferred a right to assistance of counsel in filing petitions for writ of

17   certiorari for federal convicts.  <u>Id.</u>  Then, as now, each circuit's local rules guaranteed assistance

18   of counsel for the filing of a petition for certiorari.  The Court vacated Wilkins' sentence and

19   remanded to the court of appeals for reentry of judgment, thus resetting the clock for Wilkins'

20   window for petition for certiorari.

---

[1] Originally, Petitioner styled this claim as a violation of his Sixth Amendment right to effective assistance of counsel.  (Docket No. 1.)  We granted his request (Docket No. 13) to amend the motion to abandon the Sixth Amendment claim in favor of a claim of violation of the CJA.  (Docket No. 16.)

1    Wilkins, however, did not address relief under § 2255, and we have found no decisions

2    supporting the proposition that a district court may vacate a mandate and order the court of

3    appeals to reenter its judgment.  It is well-settled that courts of appeals may recall their own

4    mandates. See Calderon v. Thompson, 523 U.S. 538, 550 (1998) (holding that circuit courts

5    have the ability to recall their own mandates in "extraordinary circumstances); United States v.

6    Fraser, 407 F.3d 9, 10 (1st Cir. 2005) (citing Calderon and further stating that recall of a

7    mandate "should not be used simply as a device for granting late rehearing" (quoting Boston

8    & Me. Corp. v. Town of Hampton, 7 F.3d 281, 282 (1st Cir. 1993))); see also Kashner Davidson

9    Sec. Corp. v. Mscisz, 601 F.3d 19, 22 n.4 (1st Cir. 2010) (detailing the rare instances in which

10   the First Circuit has granted a motion to recall mandate).

11   While we have found no decisions by the First Circuit recalling and reentering a mandate

12   as a remedy for counsel's failure to file a petition for certiorari, other circuit courts have

13   addressed the issue.  Under its inherent authority to recall a mandate, the Second Circuit

14   recently construed an appeal from denial of a similar § 2255 motion as being a motion for recall

15   of mandate.  Nnebe v. United States, 534 F.3d 87 (2d Cir. 2008). Michael Nnebe appealed from

16   a district court's denial of his § 2255 claim that appellate counsel's failure to file a petition for

17   certiorari violated the CJA.  The Second Circuit, however, declined to treat this as a § 2255

18   motion and, instead, construed it as a motion to recall the mandate affirming Nnebe's

19   conviction.  Id. at 91 ("[I]t would be illogical to conclude that the application should continue

20   to be treated as though it were a Section 2255 motion.").  The Second Circuit granted that

21   motion, vacated its previous mandate, and reentered judgment.  Id.  The Seventh Circuit also

22   has endorsed the use of a direct petition to the court of appeals to recall a mandate, as opposed

Civil No. 09-1217 (JAF)                                                              -6-

to a motion under § 2255.  United States v. Price, 491 F.3d 613 (7th Cir. 2007) (recalling

mandate where petitioner's § 2255 motion was stayed to allow him to petition the court of

appeals directly for a recall).

In the present case, Petitioner alleges that his appellate counsel did not comply with the

First Circuit rule implementing the CJA's appointment-of-counsel provision.  See 1st Cir.

R. 46.5(c).  As discussed above, it appears that the proper remedy for such a violation would

be the recall and reentry of the First Circuit's mandate.  But we find no authority granting us the

power to provide the relief requested.  The text of § 2255 requires that petitioners "move the

court which imposed the sentence to vacate, set aside or correct the sentence" and allows us to

vacate or set aside our judgment while either setting the petitioner free, resentencing him, or

ordering a new trial.  We are unable to locate any authority that would allow us to recall a circuit

court mandate and order its reentry under the guise of § 2255, a statute that explicitly authorizes

us to vacate only our own judgments.  See United States v. Davis, No. 7:06cr0063-1, 2009 WL

3055230 (W.D. Va. Sept. 23, 2009) (holding that the appropriate relief for counsel's violation

of CJA was the recall and reentry of mandate, a remedy outside the district court's authority to

grant).  Given this lack of statutory authority and also the Second Circuit's treatment of similar

§ 2255 petitions as motions for a recall of mandate, we hold that Gerena-Méndez' alleged

violation of the CJA is not the proper object of a § 2255 proceeding.

**B.    Unconstitutional Search and Seizure**

Petitioner alleges that evidence obtained during the Coast Guard's search of the Sea

Atlantic was seized in violation of his Fourth Amendment rights.  The sixty-eight bales of

1    cocaine seized from the Sea Atlantic were discovered in Petitioner's living quarters, in which

2    he asserts a legitimate expectation of privacy.

3         This claim was not raised on direct appeal and is, therefore, procedurally barred.  See

4    United States v. Frady, 456 U.S. 152, 167 (1982).  The only cause asserted by Petitioner for the

5    failure to raise this claim on appeal was ineffective assistance of counsel.  (Docket No. 5 at 16.)

6    The success of an ineffective-assistance-of-counsel claim depends on Petitioner's showing a

7    deficient performance by his trial counsel.  See Peralta v. United States, 597 F.3d 74, 79 (1st

8    Cir. 2010).  Performance is deficient where the trial counsel's representation "fell below an

9    objective standard of reasonableness," a standard that is informed by "prevailing professional

10   norms."  Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  Choices made by

11   counsel that could be considered part of trial strategy will almost never amount to deficient

12   performance.  See Strickland, 466 U.S. at 690.  Counsel's decision not to pursue "futile tactics"

13   will not be considered deficient performance.  Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999);

14   see also Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990) (stating that failure to raise

15   meritless claims is not ineffective assistance of counsel).

16        In this case, Gerena-Méndez' performance was not deficient because there was no

17   violation of the Fourth Amendment to which he could object.  The First Circuit has repeatedly

18   ruled that "the Fourth Amendment does not apply to activities of the United States against aliens

19   in international waters."  United States v. Vilches-Navarrete, 523 F.3d 1, 13 (2008) (quoting

20   United States v. Bravo, 489 F.3d 1, 8 (1st Cir. 2007)).  Petitioner is not a U.S. citizen, and the

21   search took place in international waters, off the coast of South America.   The Sixth

1    Amendment does not entitle Petitioner to counsel's lodging such a futile objection.  See Vieux,

2    184 F.3d at 64.

3    **C.    Delayed Probable Cause Determination**

4            Petitioner claims his Fourth Amendment rights were violated by the seven-day delay

5    between his arrest and the determination of probable cause by a magistrate.  The Supreme Court

6    has held that the Fourth Amendment requires a "prompt" judicial determination of probable

7    cause for warrantless arrests.  See Gerstein v. Pugh, 420 U.S. 103, 114 (1975).  The Court later

8    ruled that judicial determination of probable cause within forty-eight hours of arrest would

9    normally satisfy the Fourth Amendment.  County of Riverside v. McLaughlin, 500 U.S. 44

10   (1991).  A violation of this "48-hour rule," however, is not grounds to vacate a conviction,

11   Gerstein, 420 U.S. at 119, and, therefore, a petitioner cannot seek habeas relief for such a

12   violation, Montoya v. Scott, 65 F.3d 405, 421 (5th Cir. 1995).  Thus, Petitioner's 48-hour-rule

13   claim fails.

14           In addition, Petitioner challenges his pretrial detention through Federal Rule of Criminal

15   Procedure 5(a)(1)(B), which requires defendants arrested outside the United States to be taken

16   before a magistrate judge "without unnecessary delay" and further states that where a defendant

17   "is arrested without a warrant, a complaint meeting Rule 4(a)'s requirement of probable cause

18   must be promptly filed in the district where the offense was allegedly committed."[2]

19           We need not address the merits of this claim because Petitioner failed to challenge the

20   alleged delay in probable cause determination at trial or on direct appeal.  Whether styled as a

---

[2] The First Circuit has previously noted that the Fourth Amendment and Rule 5(a) are "analogous" but distinct.  See United States v. Encarnacion, 239 F.3d 395, 398 n.2 (1st Cir. 2001) ("[T]he 48-hour rule is a requirement of the Fourth Amendment, not Rule 5(a).").

1   violation of the Fourth Amendment or of Rule 5(a), the claim fails as procedurally defaulted.

2   Petitioner asserts ineffective assistance of counsel as a cause for this procedural default, but,

3   even assuming a deficient performance by Gerena-Méndez, Petitioner fails to demonstrate any

4   prejudice arising from the delay.  See Peralta, 597 F.3d at 79.  Prejudice exists where "there is

5   a reasonable probability that, but for counsel's unprofessional errors, the result of the

6   proceeding would have been different."  Strickland, 466 U.S. at 694.  "A reasonable probability

7   is a probability sufficient to undermine confidence in the outcome," and said probability is less

8   onerous than a "more likely than not" standard.  Id.

9        Petitioner has made no argument as to how a potential violation of the Fourth

10   Amendment's 48-hour rule or of Rule 5(a) prejudiced his defense.  See, e.g., United States v.

11   Mangual-Santiago, 562 F.3d 411, 432 (1st Cir. 2009) (holding that a 110-day delay between

12   defendant's arrest and arraignment did not necessitate reversal of conviction where defendant

13   had demonstrated no prejudice resulting from delay).  The Supreme Court has recently

14   recognized that the only remedy available for Rule 5(a) violations is the use of the McNabb-

15   Mallory rule to suppress confessions obtained during the time a defendant was improperly

16   detained.  See Corley v. United States, 129 S. Ct. 1558, 1570 (2009) (discussing the interplay

17   between Rule 5(a) and the McNabb-Mallory line of cases and noting that "if there is no

18   McNabb-Mallory there is no apparent remedy for delay in presentment").  As Petitioner made

19   no such confession, there was no evidence to suppress and, thus, no prejudice from a failure to

20   object to a violation of Rule 5(a).  Because Petitioner has not demonstrated cause and prejudice

21   for his failure to raise the issue on trial or appeal, his Rule 5(a) claim is procedurally defaulted.

Civil No. 09-1217 (JAF)                                                                     -10-

1      **D.      Counsel's Failure to Move for Dismissal on Speedy Trial Act Grounds**

2            Petitioner alleges that Gerena-Méndez provided ineffective assistance of counsel when

3      he failed to move to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C.

4      §§ 3161–3174.  The Speedy Trial Act states that, absent a defendant's signed waiver, a trial may

5      not begin less than thirty days after a defendant makes his first appearance with counsel or

6      appears pro se after waiving counsel.  18 U.S.C. § 3161(c)(2).  Petitioner made his first

7      appearance represented by Gerena-Méndez on September 15, 2005.  (Criminal No. 05-309,

8      Docket No. 34.)  Trial began on October 24, 2005, over thirty days after Petitioner's first

9      appearance through counsel.  (Criminal No. 05-309, Docket No. 114).

10           Thus, there was no violation of the Speedy Trial Act and, therefore, Petitioner cannot

11     fulfill the first prong of an ineffective assistance claim: Deficient performance.

12     **E.      Previously-Litigated Claims**

13           Petitioner also argues that there was insufficient evidence of his guilt presented at trial;

14     that we lacked jurisdiction to hear the case; and that we erred in denying his motion for

15     continuance.  Each of these issues was previously raised by him or his codefendants on direct

16     appeal and is, therefore, barred from review under § 2255.

17           Issues previously raised by Petitioner and rejected on direct appeal may not be litigated

18     again under § 2255.  See Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991) (quoting

19     Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)).  Similarly, the decision of legal

20     issues by an appellate court establishes  the "law of the case" in a subsequent appeal by a

21     codefendant. United States v. Paquette, 201 F.3d 40, 42–43 (1st Cir. 2000) (citing United States

22     v. Rosen, 929 F.2d 839, 842 n.5 (1st Cir. 1991); United States v. Aramony, 166 F.3d 655, 661

1   (4th Cir. 1999)).  This is true "unless the evidence on a subsequent trial was substantially

2   different, controlling authority has since made a contrary decision of the law applicable to such

3   issues, or the decision was clearly erroneous and would work a manifest injustice." Rosen, 929

4   F.2d at 842 n.5 (citing White v. Murtha, 377 F.2d 428, 431–32 (5th Cir. 1967)).

5           Petitioner has argued that the evidence at trial was insufficient to prove that he possessed

6   the required mens rea—that he "knowingly and intentionally possessed" cocaine with intent to

7   distribute.  (Docket No. 5 at 45.)  But Petitioner made this same argument before the First

8   Circuit and it was rejected.  Rodríguez-Durán, 507 F.3d at 758–61.

9           In addition, Petitioner argues that the denial of his pretrial motion for continuance was

10  a "manifest abuse of discretion" that prejudiced his defense.  Again, Petitioner previously

11  argued this same issue on direct appeal, joined by four codefendants, and his claim was rejected

12  by the First Circuit.  Id. at 768. ("In sum, '[w]hile the trial judge held defendants to a tough

13  schedule, in the absence of a showing of unfair prejudice to defendants, there was no manifest

14  abuse of discretion.'" (quoting United States v. Orlando-Figueroa, 229 F.3d 33, 41 (1st Cir.

15  2000))).

16          In Petitioner's consolidated direct appeal, codefendant Ronald José Morelis-Escalona

17  argued that his conviction was flawed because the government failed to prove that the vessel

18  was subject to U.S. jurisdiction. Id. at 761–62.  The First Circuit found that the flag nation's

19  consent to jurisdiction was sufficient and that the MDLEA does not require as a jurisdictional

20  prerequisite that the defendant's actions have affected the United States.  Id. (citing United

21  States v. Bravo, 489 F.3d 1, 7 (1st Cir. 2007); United States v. Cardales, 168 F.3d 548, 553 (1st

22  Cir. 1999)).  It also held that the Coast Guard had properly obtained consent from the Bolivian

1    government to board and search the vessel and that the evidence was sufficient to dismiss

2    Morelis' jurisdictional challenge.  Id. at 757 n.9, 762.

3          Petitioner was a party to Morelis' appeal and his claims are based on the same evidence.

4    See id. at 749.  There have been no relevant changes in the law since the appeal, and the

5    decision in Rodríguez-Durán does not seem erroneous or unjust.  Therefore, we dismiss

6    Petitioner's jurisdictional claim.  See Rosen, 929 F.2d at 842 n.5.

7    **F.    Failure to Issue Limiting Instruction**

8          Finally, Petitioner alleges a Sixth Amendment violation stemming from the admission

9    of hearsay testimony of a codefendant's confession and a companion ineffective assistance of

10   counsel claim.  (Docket No. 5.)  The admission of hearsay testimony describing codefendant

11   Morelis' confession was in violation of the Sixth Amendment Confrontation Clause and,

12   Petitioner alleges, prejudicial to Petitioner's duress defense.  (Docket No. 5.)  This hearsay

13   claim was not raised by Petitioner at trial or on direct appeal and, therefore, would be

14   procedurally barred.  The Government, however, failed to raise this affirmative defense in its

15   reply.[3]  See Oakes v. United States, 400 F.3d 92, 96 (1st Cir. 2005) (holding that procedural

16   default is an affirmative defense that is waived if not raised in the Government's reply).  We

17   may raise procedural default sua sponte, but in such cases we must provide petitioners with

18   adequate notice and opportunity to respond.  Id. at 97–99 (holding that notice is required even

19   where petitioner had anticipated the procedural default defense in his motion).  Because

---

[3] The Government instead relied on the "law of the case" doctrine.  (Docket No. 11 at 11–12.) The doctrine, however, is inapposite to this question.  In ruling that the lack of a limiting instruction was not plain error and did not prejudice codefendants Rodríguez-Durán and Cabello, the First Circuit relied on facts unique to Rodríguez-Durán and Cabello.  See 507 F.3d at 771–72 (describing additional incriminating evidence found in these codefendants' berths that did not implicate Petitioner).

Civil No. 09-1217 (JAF)                                                        -13-

1    Petitioner has not yet received such notice, we reserve judgment on this issue so that Petitioner

2    might present adequate cause and prejudice that would excuse his procedural default.

3           No such notice is required for us to deal with Petitioner's companion claim of ineffective

4    assistance of counsel as an independent ground for relief under § 2255.  We need not address

5    whether Gerena-Méndez' failure to object to the lack of limiting instruction and raise the issue

6    on appeal were examples of deficient performance because, even if we assume such

7    performance was deficient, Petitioner has failed to demonstrate how that deficient performance

8    prejudiced his defense.  As the First Circuit noted in its discussion of this issue, the hearsay

9    testimony of Morelis' confession did not directly incriminate Petitioner. 507 F.3d 771.  Morelis

10   simply confessed that he had been paid $40,000 to ship contraband.  He did not testify that any

11   other crew member had received such a payment or had advanced notice that they would be

12   transporting cocaine.  Therefore, even in light of Morelis' confession, it was possible for the

13   jury to believe captain Rodríguez-Durán's testimony that all crew members were unaware of

14   the drugs until they were on board and, at that point, participated with the smuggling operation

15   out of duress.  Even if counsel had objected and succeeded in obtaining a limiting jury

16   instruction, we find,  in light of the overwhelming evidence against him, no reasonable

17   probability that the jury would have acquitted Petitioner.  In the absence of such a probability,

18   Petitioner cannot demonstrate prejudice and, thus, his claim of ineffective assistance of counsel

19   fails.

Civil No. 09-1217 (JAF)                                                              -14-

## IV.

### Certificate of Appealability

1    In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

2    issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate

3    of appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of

4    a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must

5    demonstrate that reasonable jurists would find the district court's assessment of the

6    constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)

7    (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested

8    a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's

9    constitutional claims debatable or wrong.  Petitioner may request a COA directly from the First

10   Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

### Conclusion

11   For the foregoing reasons, we hereby **DENY in part** Petitioner's § 2255 motion (Docket

12   Nos. 1; 5).  We summarily **DISMISS** the claims enumerated as one through seven in Part III,

13   supra, and also the claim of ineffective assistance of counsel arising from failure to give a

14   limiting instruction.  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings,

15   summary dismissal is in order because it plainly appears from the record that Petitioner is not

16   entitled to § 2255 relief in this court.  We reserve judgment on Petitioner's claim of a

17   Confrontation Clause violation stemming from the failure to issue a limiting instruction.  On

18   this ground, we **ORDER** Petitioner to show cause **on or before August 16, 2010**, as to why this

Civil No. 09-1217 (JAF)                                                                              -15-

1    claim should not be dismissed as procedurally defaulted.  Pending resolution of this final claim,

2    we reserve judgment on Petitioner's motion for an evidentiary hearing and appointment of

3    counsel (Docket No. 13).

4            **IT IS SO ORDERED**.

5            San Juan, Puerto Rico, this 12th day of July, 2010.

6                                                                      s/José Antonio Fusté
7                                                                      JOSE ANTONIO FUSTE
8                                                                      Chief U.S. District Judge