1                    UNITED STATES DISTRICT COURT
2                     DISTRICT OF PUERTO RICO

3    JULIO CÉSAR DE LA ROSA,

4        Petitioner,

5        v.                            Civil No. 09-1217 (JAF)

6    UNITED STATES OF AMERICA,        (Criminal No. 05-309)

7        Respondent.

8                       **OPINION AND ORDER**

9        We previously dismissed all but one of Petitioner's claims under 28 U.S.C. § 2255 for

10   relief from sentencing by a federal court. (Docket No. 19.) We ordered Petitioner to show cause

11   as to why we should not dismiss his final claim on grounds of procedural default. (Id.) Petitioner

12   responds with a motion in compliance (Docket No. 20), a clarifying motion (Docket No. 21), an

13   informative motion (Docket No. 22), and a Motion for Adjudication and Final Judicial

14   Disposition (Docket No. 23).

15                          **I.**

16                **Factual and Procedural History**

17        This case arises from Petitioner's conviction under the Maritime Drug Law Enforcement

18   Act ("MDLEA"), 46 U.S.C. app. § 1903 (current version at 46 U.S.C. §§ 70501–70507).

19   Petitioner was a member of the crew of the Sea Atlantic, a vessel engaged in smuggling over

20   1,800 kilograms of cocaine when it was intercepted by the U.S. Coast Guard. We need not further

21   recount the facts of the criminal offense, but we note that they already have been described in

Civil No. 09-1217 (JAF)                                                                -2-

1   detail by both the First Circuit, see United States v. Rodríguez-Durán, 507 F.3d 749 (1st Cir.

2   2007), and our prior judgment in this matter (see Docket No. 19).

3          At trial, Petitioner's principal defense was that he had participated in the crime under

4   duress.  The ship's captain testified that he had deliberately concealed the true purpose of the

5   voyage from all crew members, including Petitioner, until they were at open sea and about to

6   rendezvous with a smaller boat delivering cocaine to the Sea Atlantic.  The captain further

7   testified that the crew was told that if they refused to participate in the smuggling, they would be

8   turned over to the boat making the delivery and taken to Colombia where they would meet an

9   uncertain fate.  The government impeached the captain's testimony in two respects:  (1) the

10  captain admitted he lied to law enforcement officers on several occasions throughout the

11  investigation; and (2) the first officer's cabin housed two pieces of paper, one containing a secret

12  code and the other listing the first name of the alleged mastermind and a phone

13  number—circumstantial evidence that the captain lied when he said all of the crew members were

14  unaware of the true purpose of the voyage.  In addition, the confession of Petitioner's codefendant

15  and fellow crew member, Ronald José Morelis-Escalona, entered the record through the testimony

16  of Immigration and Customs Enforcement Special Agent José Rosado-Santiago. Agent Rosado-

17  Santiago testified that Morelis-Escalona confessed that the mastermind of this drug smuggling

18  venture had informed Morelis-Escalona of the purpose of the voyage and offered him $40,000 for

19  the job.  Petitioner's counsel did not request a limiting instruction on this issue at trial, and

20  Petitioner did not raise this issue on appeal.

21         Petitioner raised this issue, however, in his § 2255 petition. The government did not raise

22  procedural default as a defense to this claim.  We raised it sua sponte and ordered Petitioner to

23  show cause as to why procedural default would not bar his claim.  See Oakes v. United States,

Civil No. 09-1217 (JAF)                                                    -3-

1   400 F.3d 92, 97–99 (1st Cir. 2005) (holding that a district court may raise procedural default sua

2   sponte where adequate notice and opportunity to respond is provided).

## II.

## Standard for Relief Under 28 U.S.C. § 2255

5        A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner

6   is in custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner may

7   challenge his sentence on the ground that, inter alia, it "was imposed in violation of the

8   Constitution or laws of the United States."  Id.  The petitioner is entitled to an evidentiary hearing

9   unless the "allegations, even if true, do not entitle him to relief, or . . . 'state conclusions instead

10  of facts, contradict the record, or are inherently incredible.'"  Owens v. United States, 483 F.3d

11  48, 57 (1st Cir. 2007) (quoting United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993));

12  see 28 U.S.C. § 2255(b).  A petitioner cannot be granted relief on a claim that has not been raised

13  at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his

14  procedural default.  See United States v. Frady, 456 U.S. 152, 167 (1982).

## III.

## Analysis

17       Because Petitioner appears pro se, we construe his pleadings more favorably than we

18  would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

19  Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and

20  substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

21       Petitioner responds to our order to show cause with two arguments:  (1) it is improper for

22  a court to raise procedural default sua sponte; and (2) the procedural default in this case should

23  be excused on account of cause and resulting prejudice.  We address each argument in turn.

**A.      Raising Procedural Default Sua Sponte**

Petitioner argues that our raising of the procedural default defense was improper.  (See Docket No. 23 at 2–4.)  Petitioner bases his argument on the Supreme Court's recent discussion of the party presentation principle in Greenlaw v. United States, 554 U.S. 237, 243–46 (2008).  In that case, a defendant appealed his sentence and included an argument that the district court had erred in sentencing him to thirty-six years' imprisonment; he contended fifteen years' imprisonment was the appropriate sentence.  While the district court had erred at sentencing, it was not to the defendant's detriment but in his favor; the court had sentenced him to a term fifteen years shorter than that which he should have received.  In opposing the defendant's appeal, the government noted that the sentence was actually too short but did not file its own appeal seeking resentencing.  The Eighth Circuit, stating that it had authority to sua sponte correct the district court's error, vacated the sentence and remanded with instructions to impose the higher sentence.  The Supreme Court found that the Eight Circuit's order had violated the party presentation principle.  "[C]ourts do not, or should not, sally forth each day looking for wrongs to right.  We wait for cases to come to us, and when they do we normally decide only questions presented by the parties."  Id. at 244.  This principle stems from the notion that courts act as neutral arbiters and rely on parties to present issues for decision.  Id. at 243.  So, Petitioner argues, by raising procedural default sua sponte we are assuming the government's role and stepping outside our function as neutral arbiter.

Petitioner misreads Greenlaw to support the proposition that we may not raise procedural default sua sponte.  Justice Ginsburg's unanimous opinion limited Greenlaw's discussion of the party presentation principle to cases "in the first instance and on appeal."  Id.  This language was not superfluous.  The First Circuit previously noted that § 2255's procedural default rule has the

1    dual goals of preserving the integrity of final judgments and preventing the waste of scarce

2    judicial resources.  See Oakes, 400 F.3d at 96–97.  The party presentation principle counsels us

3    against raising a defense for a party before appeals have been exhausted, but once a judgment

4    becomes final, the "institutional values" of judicial economy and finality "transcend the litigants'

5    parochial interests."  Id. at 97.  The First Circuit has further noted that "in all but the most

6    exceptional circumstances, 'the great desirability of preserving the principle of finality of

7    judgments preponderates heavily over any claim of injustice.'"  Comfort v. Lynn Sch. Comm.,

8    560 F.3d 22, 26 (1st Cir. 2009).  For these reasons, we find that the discussion of the party

9    presentation principle in Greenlaw does not undermine the First Circuit's earlier precedent that

10   procedural default may be raised sua sponte by district courts.  See Oakes, 400 F.3d at 97.

11   **B.      Cause and Prejudice**

12        Petitioner next argues that there is both cause for his procedural default and a resulting

13   prejudice.  He claims that the failure to request a limiting instruction was an example of

14   ineffective assistance of counsel, thus satisfying both the cause and prejudice prongs.

15        The success of an ineffective-assistance-of-counsel claim depends on Petitioner's showing

16   a deficient performance by his trial counsel.  See Peralta v. United States, 597 F.3d 74, 79 (1st

17   Cir. 2010).  Performance is deficient where the trial counsel's representation "fell below an

18   objective standard of reasonableness," a standard that is informed by "prevailing professional

19   norms."  Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

20        Prejudice exists where "there is a reasonable probability that, but for counsel's

21   unprofessional errors, the result of the proceeding would have been different."  Strickland, 466

22   U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the

23   outcome," and said probability is less onerous than a "more likely than not" standard.  Id.

Civil No. 09-1217 (JAF)                                                                    -6-

1        We previously denied Petitioner's claim that failure to request a limiting instruction was

2    ineffective assistance.  Petitioner argues that our prior determination incorrectly concluded that

3    no prejudice resulted from the confrontation clause violation because overwhelming evidence of

4    Petitioner's guilt existed.  We briefly reiterate our reasoning.  While it is true that Petitioner did

5    not have to contend with the more damning evidence presented against the captain and first

6    officer, we remain convinced that the presentation of a limiting instruction would not have

7    resulted in a reasonable probability of acquittal.  First, Morelis-Escalona's confession was only

8    in regard to his own knowing participation in the smuggling conspiracy, and did not implicate

9    Petitioner or other crew members.  The only potential prejudicial effect this confession had was

10   to the extent it impeached the captain's testimony that no crew members were aware the ship

11   would be carrying cocaine prior to leaving port and that they participated only under duress.  This

12   testimony, however, was twice impeached by the Government—notwithstanding Morelis-

13   Escalona's confession.  For these reasons, we find no reasonable probability that the presence of

14   a limiting instruction would have caused a different outcome in Petitioner's case.

15                                                   **IV.**

16                              **<u>Certificate of Appealability</u>**

17       In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing

18   a denial of  § 2255 relief we must concurrently determine whether to issue a certificate of

19   appealability ("COA").  We grant a COA only upon "a substantial showing of the denial of a

20   constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, "[t]he petitioner must

21   demonstrate that reasonable jurists would find the district court's assessment of the constitutional

22   claims debatable or wrong."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v.</u>

23   <u>McDaniel</u>, 529 U.S. 473, 484 (2000)).  While Petitioner has not yet requested a COA, we see no

Civil No. 09-1217 (JAF)                                                                    -7-

1    way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims

2    debatable or wrong.  Petitioner may request a COA directly from the First Circuit, pursuant to

3    Federal Rule of Appellate Procedure 22.

4                                                    **V.**

5                                              **<u>Conclusion</u>**

6         For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1;

7    5).  We summarily **DISMISS**, as procedurally defaulted, the remaining claim based on the failure

8    to issue a limiting instruction.  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings,

9    summary dismissal is in order because it plainly appears from the record that Petitioner is not

10   entitled to § 2255 relief in this court.  We **DENY** Petitioner's Motion for Adjudication and Final

11   Judicial Disposition (Docket No. 23).  We **DENY** as moot Petitioner's motion for an evidentiary

12   hearing and appointment of counsel (Docket No. 13).

13        **IT IS SO ORDERED**.

14        San Juan, Puerto Rico, this 1st day of March, 2011.

15                                        s/José Antonio Fusté
16                                        JOSE ANTONIO FUSTE
17                                        Chief U.S. District Judge